**HANSKI PARTNERS LLC**
4 INTERNATIONAL DRIVE, SUITE 110
RYE BROOK, NY 10573
PHONE: 212.248.7400

October 28, 2026

Defendants shall file a response to this letter by **November 4, 2026**. The response shall specify whether Defendants intend to raise the "readily achievable" defense and whether they are amenable to producing a financial affidavit. So Ordered.

Dated: October 29, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

*Via ECF*
The Honorable Lorna G. Schofield
United States District Judge
United States District Court, SDNY
40 Foley Square
New York, New York 10007

Re: *Request for Informal Conference and Order Compelling Discovery*
*Italo Martinez v. IOB Realty, Inc. et al., Case No. 1:26-cv-03301-LGS*

Dear Judge Schofield:

Hanski Partners LLC represents Plaintiff Italo Martinez in the above-referenced action. Pursuant to Sections III.C.3 and III.A.1 of the Court's Individual Practices, Plaintiff respectfully requests an informal conference concerning Defendants' refusal to produce financial documents responsive to Plaintiff's First Set of Discovery Demands. Plaintiff has made repeated efforts to resolve this dispute without Court intervention. Plaintiff requested supplementation on July 31, August 11, and August 21, and followed up on September 9 and September 15. Counsel conferred by telephone on September 24, and Plaintiff again requested the financial information on September 30.

On October 1, 2026, defense counsel proposed deferring financial discovery until Defendants reviewed Plaintiff's expert report and decided whether to withdraw their readily achievable defense. Plaintiff provided the expert report on October 23, 2026, and counsel spoke again on October 27, 2026. Despite these efforts, Defendants have still neither withdrawn their readily achievable defense nor produced the requested financial information.

Plaintiff's outstanding document demands include Request No 13, which seeks corporate tax returns for the prior three years, including all schedules and attachments. The financial information Plaintiff seeks is relevant and proportional because Defendants' Answer asserts the financial defense that barrier removal is not readily achievable. Whether the removal of barriers to wheelchair access is readily achievable turns in part on the nature and cost of the work, the overall financial resources of the subject facility, the effect on Defendants' expenses and resources, and the overall financial resources of the entity. *See* 42 U.S.C. § 12181(9); 28 C.F.R. § 36.104.

The records are also relevant to Plaintiff's claim for punitive damages under the New York City Human Rights Law. N.Y.C. Admin. Code § 8-502. A defendant's wealth is material to assessing punitive damages. *Matter of 91st St. Crane Collapse Litig.*, 154 A.D.3d 139, 157 (1st Dep't 2017). Courts in this District have permitted pretrial financial discovery where punitive damages are sought. *See Hamm v. Potamkin*, 1999 WL 249721, at *2-3 (S.D.N.Y. Apr. 28, 1999).

Although Defendants have suggested the possibility of providing a financial affidavit, they have neither produced such an affidavit nor provided any other financial documentation.

Accordingly, Plaintiff remains unable to evaluate Defendants' asserted readily achievable defense or their financial resources in connection with Plaintiff's claim for punitive damages.

Defendants' refusal to produce the requested financial documents deprives Plaintiff of information needed to complete discovery. For these reasons, Plaintiff respectfully requests a pre-motion discovery conference or, alternatively, an order compelling Defendants to produce the three years of corporate tax returns responsive to Plaintiff's discovery demands, including all schedules and attachments, within two business days of the Court's order.

Thank you for the Court's consideration of this application.

Respectfully,

/s/
Robert G. Hanski, Esq.